# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO CASTANEDA GALVAN,<br>Petitioner,<br>v.<br>KRISTI NOEM, et al.,<br>Respondents. | Case No. 1:26-cv-01677-KES-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND GRANT PETITIONER LEAVE TO FILE AMENDED PETITION |

Petitioner, represented by counsel, is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

Petitioner is a citizen of Mexico who entered the United States in or around 1984 and has lived in the United States ever since. Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") on August 12, 2025, while attending a scheduled U.S. Citizenship and Immigration Services ("USCIS") interview for his I-130 family petition filed by his U.S. citizen daughter. The Department of Homeland Security ("DHS") later served Petitioner with a Notice to Appear ("NTA"), charging inadmissibility under section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") for entry without inspection and listing the date and place of entry as "unknown." Since that day, Petitioner has been detained at the Golden State Annex. (ECF No. 1 at 9.[1])

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

An immigration judge ("IJ") denied bond jurisdiction on three separate occasions. (ECF No. 1 at 10.) On December 6, 2025, Petitioner filed a petition for writ of habeas corpus in this Court challenging the IJ's refusal to exercise bond jurisdiction. Petition, Castaneda Galvan v. Noem, No. 1:26-cv-01766-KES-SAB (E.D. Cal. Dec. 6, 2025), ECF No. 1. On February 3, 2026, the Court ordered Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days. Order, Castaneda Galvan, No. 1:26-cv-01766-KES-SAB, ECF No. 14. On February 9, 2026, an IJ held a bond hearing pursuant to this Court's order and denied bond. (ECF No. 1-10 at 3.)

On March 1, 2026, Petitioner filed a petition for writ of habeas corpus and a motion for temporary restraining order ("TRO"). (ECF Nos. 1, 2.) On April 14, 2026, the Court denied the motion for TRO. (ECF No. 16.) On May 31, 2026, Respondents filed an answer, and Petitioner filed a reply on June 11, 2026. (ECF Nos. 18, 20.)

## II.

## DISCUSSION

Respondent argues that the petition should be dismissed for failure to exhaust administrative remedies. (ECF No. 18 at 2–3.)

> As a prudential matter, habeas petitioners must exhaust available judicial and administrative remedy remedies before seeking relief. 28 U.S.C § 2241; *see also* *Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001), overruled on other grounds by *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 126 (2006). Courts may require exhaustion as a prudential matter when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal citations and quotations omitted). If a petitioner fails to exhaust prudentially required administrative remedies, then "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).
>
> However, because exhaustion is not jurisdictional, the requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)). "The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of these *Laing*

> factors applies." *Aden v. Nielsen*, No. C18-1441RSL, 2019 WL 5802013, at *2 (W.D. Wash. Nov. 7, 2019).

Singh v. Warden, No. 1:26-CV-00172-JLT-EPG, 2026 WL 1328508, at *3 (E.D. Cal. May 13, 2026).

Here, Petitioner argues that prudential exhaustion should be excused because he "does not merely challenge the Immigration Judge's discretionary weighing of evidence. Rather, he challenges the legality of his continued detention following a bond proceeding that employed an incorrect legal framework and culminated in a conclusory determination that he was 'both a danger to the community and a flight risk.'" (ECF No. 20 at 11.) However, as noted in the order denying the motion for TRO,

> At a § 1226(a) bond hearing, "the burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge... that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'" *Hernandez v. Sessions,* 872 F.3d 976, 982 (9th Cir. 2017) (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

(ECF No. 16.)

Petitioner also argues that "this Court is not being asked to intervene in the first instance. Rather, Petitioner challenges the constitutional adequacy of the very hearing that resulted from prior federal habeas relief" and that "prudential exhaustion may be waived where continued detention would cause irreparable harm and where habeas review concerns the legality of ongoing confinement." (ECF No. 20 at 14, 15.) This Court has rejected a petitioner's contention "that the lengthy process of appealing his bond determination to the BIA constitutes irreparable harm that justifies waiving the prudential exhaustion requirement," observing that "irrespective of the errors Petitioner assigns to his bond hearing, the fact remains that he received a bond hearing" and thus the case was "readily distinguishable from those involving continued detention without *any* process." Fernandez Vasquez v. Cruz, No. 1:26-cv-00476-DAD-EFB, 2026 WL 252055, at *3 (E.D. Cal. Jan. 30, 2026) (citation omitted)).

Accordingly, the Court recommends finding that the petition should be dismissed for failure to exhaust administrative remedies. The Court further recommends granting Petitioner leave to file an amended petition. See Ngugi v. Lyons, No. 1:25-CV-01783-KES-EPG (HC),

2026 WL 946905 (E.D. Cal. Apr. 8, 2026) (adopting the reasoning of Franco v. Meyer, No. 1:25-cv-01620-DAD-CKD, 2025 WL 3280782 (E.D. Cal. Nov. 25, 2025) and You, Xiu Qing v. Nielsen, 321 F. Supp. 3d 451, 464–66 (S.D.N.Y. 2018), granting preliminary injunction, and ordering immediate release of petitioner who was arrested as his adjustment of status interview in violation of the Immigration and Nationality Act).

**III.**

**RECOMMENDATIONS & ORDER**

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be DISMISSED without prejudice; and
2. Petitioner be granted leave to file an amended petition.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 27, 2026**

STANLEY A. BOONE
United States Magistrate Judge